**In re REA EXPRESS, INC., PRIVATE TREBLE DAMAGE ANTITRUST LITIGATION.**

*Chicago, Milwaukee, St. Paul & Pacific Railroad Co. v. REA Express, Inc.*

N.D. Illinois, Civil Action No. 74 C 1093.

**No. 115.**

Judicial Panel on Multidistrict Litigation.

Jan. 17, 1975.

## OPINION AND ORDER

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*, and STANLEY A. WEIGEL*, Judges of the Panel.

---

* Although Judges Weigel and Lord were not present at the hearing, they have, with the consent of all parties, participated in this decision.

PER CURIAM.

The Panel previously transferred all actions in this litigation to the Eastern District of Pennsylvania and, with the consent of that court, assigned them to the Honorable Edward R. Becker for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.[1] REA Express, Inc. moves the Panel for an order likewise transferring the above-captioned action to the Eastern District of Pennsylvania for inclusion in the proceedings pending there. Plaintiff Chicago, Milwaukee, St. Paul & Pacific Railroad Company and the bulk of the railroad defendants in the actions before the transferee court oppose transfer at this time and suggest that REA's motion be denied without prejudice to its renewal should the court in the Northern District of Illinois deny certain motions filed by plaintiff.

We find that this action involves questions of fact common to the actions previously transferred to the Eastern District of Pennsylvania and that its transfer to that district for coordinated or consolidated pretrail proceedings will best serve the convenience of parties and witnesses and promote the just and efficient conduct of the litigation.

This action was instituted in the Northern District of Illinois. Plaintiff alleges that REA failed to pay it for the interstate transportation of 209 empty railroad freight cars to Green Bay, Wisconsin. This non-payment stems from plaintiff's additional transportation charges to REA as a result of its recomputation of the tariff rates allegedly applicable. REA denies liability for the additional charges contending that it has made payment in accordance with the individually negotiated rate between it and plaintiff. REA has also asserted a counterclaim naming plaintiff as a member of the conspiracy alleged by REA in the actions in the transferee court.

---

1. In re REA Express, Inc., Private Treble Damage Antitrust Litigation, 352 F.Supp. 803 (Jud.Pan.Mult.Lit.1972).

Plaintiff has filed motions in the Northern District of Illinois seeking dismissal of REA's counterclaim and an order striking its affirmative defense. Resolution of those motions has been stayed by the Illinois court pending the Panel's disposition of REA's request for Section 1407 transfer.

The opponents of transfer concede the existence of common questions of fact between REA's defense and counterclaim in the instant action and its claims of conspiracy in the transferee court. They argue, however, that the requested transfer should be denied at this time because a favorable ruling on plaintiff's motions by the court in the Northern District of Illinois would eliminate that commonality. Moreover, they contend, the issues raised by plaintiff's motions are independent of the issues raised in motions before the transferee court, and, hence, transfer prior to a ruling on plaintiff's motions will not serve judicial economy.

As all parties recognize, common factual questions between REA's defense and counterclaim in the instant action and its antitrust claims in the transferee court plainly exist. And we are not convinced that the issues raised in the motions before the court in the Northern District of Illinois are as readily distinguishable from the issues raised in motions before the transferee court as the opponents of transfer suggest. For example, questions relating to the viability of an antitrust defense to suits brought by regulated carriers under ICC tariffs are before both courts. We perceive little benefit to be derived from denying REA's motion for transfer without prejudice pending decision of plaintiff's motions by the court in the Northern District of Illinois. In view of the fact that the transferee judge is fully familiar with the factual and legal background of all of these disputes, and because decision on plaintiff's motions has been stayed pending our ruling, we believe that sound judicial management requires transfer of the instant action for coordinated or consolidated pretrial proceedings with the previously transferred litigation. In the event the transferee court grants plaintiff's motions, procedures are available whereby its claims may, if appropriate, be returned to the Northern District of Illinois. 28 U.S.C. § 1407(a); R.P.J.P.M.L. 15(c), 53 F.R.D. 119, 125 (1971), as amended 55 F.R.D. LI (1972).

It is therefore ordered that, pursuant to 28 U.S.C. § 1407, the action, Chicago, Milwaukee, St. Paul & Pacific Railroad Company v. REA Express, Inc., N.D. Illinois, Civil Action No. 74 C 1093, be, and the same hereby is, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Edward R. Becker for coordinated or consolidated pretrial proceedings with the actions pending there.